UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN LOPERA-OCHOA,<br>　　Petitioner,<br>　　　v.<br>LINDA SANDERS, Warden,<br>　　Respondent. | NO. CV 11-7084-DDP (AGR)<br><br>ORDER TO SHOW CAUSE |

On August 26, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears that the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before ***September 26, 2011***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

///

///

///

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California. On November 10, 1993, a jury convicted Petitioner of conspiracy to distribute and to possess with the intention to distribute cocaine and heroin in the United States District Court, Northern District of Florida. *See United States v. Lopera-Ochoa*, Case No. 93-CR-1021-MP ("*Lopera-Ochoa District Court*"),[1] Dkt. No. 1 at 1, 3.[2] On January 21, 1994, Petitioner was sentenced to 320 months in prison. *Id.* at 3. On April 11, 1995, the Eleventh Circuit affirmed the conviction. *United States v. Lopera-Ochoa*, 52 F.3d 1071 (11th Cir. 1995).

On January 26, 1998, Petitioner filed a motion for leave to file a 28 U.S.C. § 2255 motion as timely in the district court. *Lopera-Ochoa District Court*, Dkt. No. 1 at 4. On February 19, 1998, the court denied the motion. *Id.* On February 26, 1998, Petitioner appealed the denial. *Id.* On September 21, 1998, the Eleventh Circuit dismissed the appeal for want of prosecution. *Id.*

On October 1, 1999, Petitioner filed another § 2255 motion. *Id.*, Dkt. No. 82. On May 8, 2000, the magistrate judge recommended denial of the motion. *Id.*, Dkt. No. 88. On May 25, 2000, the district court adopted the magistrate judge's recommendation. *Id.*, Dkt. No. 89. On August 16, 2001, the Eleventh Circuit denied Petitioner's request to file a successive § 2255 motion. *Id.*, Dkt. No. 90. On November 19, 2010, the Eleventh Circuit denied a certificate of appealability related to Petitioner's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). *Id.*, Dkt. Nos. 95, 110. On April 21, 2011, the United States Supreme Court denied certiorari. *Id.*, Dkt. No. 112.

///

---

[1] *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

[2] Dkt. No. 1 is the entire docket history preceding October 1, 1999.

On August 26, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this court in which he seeks to have his sentence modified. (Petition at 8.)

## II.

## **DISCUSSION**

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

3

remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this Court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim

after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner does not claim he is factually innocent of the crime. Instead, he argues his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). (Petition at 28.) Petitioner has argued *Apprendi* before. *See Lopera-Ochoa District Court*, Dkt. No. 92 ("Mr. Lopera-Ochoa is not entitled to relief because the new law from the *Apprendi* and *Booker* line of cases does not apply retroactively.").

In addition, Petitioner does not allege he did not have an unobstructed procedural shot to present his claim. Nor does the record support such a claim.

## III.
## ORDER

IT IS THEREFORE ORDERED that, on or before **September 26, 2011**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

**If Petitioner fails to timely respond to this Order to Show Cause, the Court will recommend that the Petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: August 30, 2011

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

5